UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **DEVONTE CHANDLER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 5:19-cv-00711-RDP-SGC |
| ) | |
| **WARDEN DEWAYNE ESTES, et al.,** ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

On August 18, 2020, the Magistrate Judge entered a Report and Recommendation recommending this petition for writ of habeas corpus be denied and dismissed with prejudice. (Doc. 9). On September 10, 2020, Petitioner filed objections. (Doc. 12). As explained below, Petitioner's objections are due to be overruled.

Petitioner's objections focus on his claim of juror partiality and the Alabama Court of Criminal Appeals' determination the claim was precluded under Rules 32.2(a)(3) and (a)(5) of the *Alabama Rules of Criminal Procedure*. Petitioner notes the Alabama Supreme Court denied his certiorari petition without opinion; thus he contends the state's highest court did not expressly rely on state procedural rules in addressing the claim without ruling on the merits. (Doc. 12 at 3). "[W]here the petitioner has invoked one complete round of state court review by properly raising his federal claims before each applicable level of the state court system but was denied discretionary review in the state's highest court," federal courts routinely rely on intermediate level appellate court judgments. *Waldrop v. Thomas*, No. 3:08-cv-515-WKW, 2014 WL 1328138, at \*11 (M.D. Ala. Mar. 31, 2014). Here, the Report and Recommendation properly reviewed the opinion of the Alabama Court of Criminal Appeals—the highest state court which offered a

reasoned analysis of Petitioner's claims. (Doc. 9 at 10-11). Accordingly, Petitioner's objections based on the Alabama Supreme Court's denial of certiorari are without merit.

Next, Petitioner again proffers his low intelligence as cause to overcome the procedural default of his substantive jury impartiality claim. (Doc. 12 at 1, 5). But, as the Magistrate Judge correctly reported, Petitioner is bound by his trial and appellate counsel's representation. Several mental health experts found him competent to stand trial, to assist with his defense, and to waive his juvenile *Miranda* rights. (Doc. 9 at 11-12). Accordingly, Petitioner's objections fail to the extent they are based on his low intelligence.

Finally, Petitioner argues the Magistrate Judge rejected his jury impartiality claim as premised on the jury venire, not the empaneled jury which deliberated his case. (Doc. 12 at 2). This argument conflates Petitioner's substantive jury claim—which is procedurally defaulted—and his claim that trial counsel was ineffective for failing to challenge the jury's partiality. The Magistrate Judge considered the discrete ineffectiveness claim with respect to both the jury venire and the petit jury, and correctly concluded that Petitioner would not be entitled to habeas relief even if the allegations underlying the claim were applied solely as to the petit jury. (Doc. 9 at 15-18) (quoting *Irvin v. Dowd*, 366 U.S. 717, 723, 726 (1961) ("Chandler failed to set forth specific facts demonstrating any juror 'entertained an opinion, before hearing the evidence adduced at trial, that [he] was guilty' or 'could not have laid aside these preformed opinions and rendered a verdict based on the evidence presented in court.") (internal citation omitted)). Accordingly, Petitioner's objections in this regard fail; he cannot establish the requisite cause and prejudice to overcome the default of his substantive juror impartiality claim.

For the foregoing reasons, Petitioner's objections are **OVERRULED**. (Doc. 12). After careful consideration of the record in this case, including the Magistrate Judge's Report and

Recommendation and Petitioner's objections, the court **ADOPTS** the Report of the Magistrate Judge and **ACCEPTS** her Recommendations. (Doc. 9). In accordance with the Recommendation, the court concludes: (1) the petition for writ of habeas corpus is due to be denied and dismissed with prejudice; and (2) a certificate of appealability is due to be denied.

    A separate order will be entered.

    **DONE** and **ORDERED** this September 29, 2020.

                                           **R. DAVID PROCTOR**
                                           UNITED STATES DISTRICT JUDGE